6+c

RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
OCT 1 6 2026
DANIEL J. McCOY, CLERK
BY: KW

26-cv-4332 Sec P

***Complaints/Affidavit***

**FACTS**

On or about, October 20, 2025, I Christopher Bourda/defendant was a sleep in passenger seat in a 2025 Honda CR-V hybrid owned and driven by Trisha Richard traveling west on Surrey St. Defendant was awaken by Trisha and was told she was getting pulled over by police. Trisha immediately pulled over onto River Rd. adjacent to Surrey St. Defendant was instructed to step out of vehicle, defendant complied, officer then asked defendant where were they coming from, defendant complied by responding he was a sleep and didn't want to lie, but stated that about 10 to 15 minutes prior to traffic stop he noticed they were at Circle K store on Kaliste Saloom Rd. Because He was awaken by the ruff entry of the parking lot, whereas, defendant proceeded to go back to sleep and was unaware of drivers actions. Defendant was asked to interpret to the driver, asking for drivers information, defendant replied by saying run her tags it's her vehicle, it's registered to her, at this point defendant recognized officer and was sure officer recognized him. Defendant was then asked for his Id, defendant replied that he was a passenger and he knew his rights, officer proceeded to his unit (cruiser). Defendant was approached by another officer whom just arrived at the scene, unaware of the situation, asked defendant for Id, defendant replied a few more times he was a passenger and he knew his rights, trying to alert officer to ask proper questions such as passenger/pedestrian name, address, and explanation of actions, simply exercising his rights as passenger/pedestrian, without violating his own rights as a passenger, instead defendant was arrested for refusing to produce a physical identification card. Officer attempted to use force to get defendant to resist an arrest by applying a pressure point grip and twisting of the arm, but failed miserably, he then handcuffed defendant to the point where the handcuffs were tightened around the wrist bone and hand. Defendant replied you don't have to do that I'm not resisting. At this point defendant felt his rights was being violated. So he exercise his right to freedom of speech by referring to arresting officer as a tough guy and replied to Sgt that he should train his pet better. Defendant also understand his rights of being pat down for weapons, officer proceeded to search defendant by going into his pockets and removing items without defendant consent, and place the items on top of his unit (cruiser). Officer and defendant shared a few choices of words and defendant was placed in his unit cruiser. Defendant observed officer texting Trisha a series of questions not sure of what he was telling her, but what ever he was saying made her upset to the point she started crying, it was later determined that he replied that she was now in trouble, because defendant

(passenger) refused to give his physical id to the officer and that she had to sign citation or she would be arrested, she refused at first but later signed to avoid being arrested. Officer Anderson then removed defendant from his unit and attempted to get defendant to sign citation. Defendant refused and was placed in officer Picard unit cruiser whom initiated the traffic stop. Whereas it was determined that driver was cited for unauthorized entry of a park not a traffic violation, which constitutes as an illegal traffic stop. Defendant heard officer saying that he had a warrant in Kansas, but defendant replied he didn't have any warrant and he has never been to Kansas. Sgt. Attempted to get defendant to sign citation again by stating that if defendant sign citation it's not an admission of guilt, defendant replied back saying if it's not an admission of guilt then I don't have to sign the citation, once again excercising defendant rights not to sign anything without an attorney present. Defendant refused after seeing the citation for criminal trespassing at 500 fisher Rd. and resisting an officer. Sgt then replied take him in he's not going to comply. Upon transport to LPCC., defendant observed officer Anderson drive off with his possession that was removed from his person and falling off his unit. Upon arrival to LPCC defendant asked officer Picard about his possession. Officer Picard called officer Anderson via cell phone and asked for defendant possession. Officer proceeded to lie to officer Picard saying he gave defendant possession to driver. Defendant replied officer Anderson was lying cause he watched him drive off with his possession on top of his unit. Officer asked defendant what all did he have, defendant replied he wasn't telling him, he should know he removed them from defendant pockets without his consent. Defendant possession in partial was later recovered by officer Anderson and brought to LPCC where defendant observed his Axe deodorant was damaged and a couple of cards, which some items was still missing, such as, cell phone, debit card, and credit card. Defendant replied to officer Anderson, stating that if he lie about small things, he would go to court and lie to convict an innocent man and send him to prison and that he shouldn't be an officer on the road. Upon Officer Anderson leaving LPCC he then made a sarcastic remark saying defendant was in jail and he was going to get in his bed. Meaning he intentionally arrested defendant with ill will intent. Officer Picard received another call from officer Anderson saying he forgot his handcuffs on defendant. Defendant stated to officer Picard that officer Anderson is out patrolling without his handcuffs, how is he supposed to arrest a real criminal if he only has partial equipment. Defendant observed officer Picard yawning symbolizing he was tired so defendant started interrogating officer Picard getting him to admit that defendant/passenger refusing to give id isn't resisting. Defendant also pointed out a series of officer Anderson negligence and stating he shouldn't be an officer on the road and they would stay in trouble ( complaints) rewarding bad behavior, produce more bad behavior, officer Picard replied, " tell the Sgt that when he comes in". Defendant was then booked,

X-ray scanned, stripped search (a humiliation tactic), and released with a citation for criminal trespassing and resisting an arrest.

On or about February 2, 2024 I, Christopher Bourda received a doordash offer to deliver walk-on restaurant on kaliste saloon rd. to a customer on Claymore dr. Upon retrieving order from walk-on, I received an add on delivery for $2.50 to pick up delivery order from fiery Crab next door also going to Claymore dr. I usually wouldn't accept order with no tip applied, but since delivery was going to Claymore dr. I accepted. Upon delivering order I mistakenly mix up the order. Upon arrival to deliver second order customer replied that was her order, I replied no problem, I just drop off delivery down the road, I'll go back and retrieve it. I returned to the first delivery and bag was still hanging on the door knob, so I switched them out, because they left me a message saying leave by door they should be home in a few minutes. After correcting my mistake. I returned to 108 Claymore dr. To deliver order from Fiery Crab. Upon arrival customer started yelling if the bag is open I don't want it. I responded saying the bag isn't open it was still hanging on the door how I left it cause the customer wasn't home yet. She proceeded to say I want my money back. I proceeded to tell her if she want a refund I would have to return the order back to the merchant. I then start to call Dasher support to cancel the order, she then called a guy on FaceTime where he then started to threaten me, saying stay there I'm on my way I'ma show you how we get down. I replied, bro I have all the rights to protect my self. He replied you going to bed for good. I replied I will protect my self. He repeatedly said stay there I'm on my way. So while I'm going through the automated options to speak with doordash driver support to cancel order. I noticed she kept looking at the doordash bag. As she got closer to the passenger side door she tried to snatch the bag, but I had grab it and put it on my lap. She then grab my polar pop drink from cup holder and poured on the passenger side floor and seat. She then grab the keys from the other cup holder. I asked her for the keys, she replied you gone stay right there until the guy she called get there and ran in the house with the keys. At this time I'm on the phone with doordash. I proceeded to explain the situation to driver support. I was advised to call 911. so I called 911 while I was still on the phone with doordash. Doordash told me to deliver the food and take a picture. I then knock on the door she snatch the bag out my hand and closed the door. So while the car still running I pull up to the first delivery home which is about five house down on the opposite side of the road. Cops arrived to 108 Claymore dr. An proceeded to go talk to her, but I'm being the victim of theft, I tried interveningbut was ultimately treated as a suspect. So when cop finally decided to get my side of the story, I felt he was undermining me the whole time. I proceeded to tell cop she stoled my keys which was a rental car and I need the keys to return the rental car. He went back to retrieve the keys. At this time I'm telling him I was threatened, she stoled my rental car keys, and I wanted to press charges. He

hand me the keys without the key remote. Which is a push start car. I was given an option to leave or be cited for disturbing the peace. After refusing to leave without key remote. I proceeded to record video, but before I could press record cop snatched my phone out my hand and placed me in handcuffs. After the other officer place me in his police unit/cruiser. The arresting officer mistakenly press record on my phone and you could hear him tell her I wanted to proceed with pressing charges of theft, but he not going to, but he will coteme for disturbing the peace, so I question how I get cited for disturbing the peace, there's noone out here, no one reported a disturbance, and Im the one called 911 as a victim. After receiving the citation and told signing it is not an admission of guilt ,I refused to sign it, replying that if it's is an admission, then I don't need to sign. I was then handed a copy of citation and release so upon release I proceeded to leave. Replying to cop saying that what I get for wearing a saints jersey with a titan hat. a little humour . After returning the rental car to enterprise I was then placed on the do not rent list and a bill for damages to rental car. Resulting in hardship. No rental car means no work, criminal charges which was dismissed.

On or about April 18, 2024 I, Christopher Bourda was picked up by a friend who had been doordashing, to spend a night at their home, so I grabbed my medicine and left with them they then had another order offer to deliver, they replied that would be the last order accepted, once completed I ask if they can stop by the park so I can use the bathroom which is adjacent to the st. Where they delivered the last order, upon going to the restroom it was horribly nasty, so I decided to urine behind the tree. I observed two officers pulling up. At this time I'm thinking that I shouldn't have use that spot to urine. So I approached one of the officer and hand him my id thinking he was going to cite me for urine in public, but he proceeded to violate my 4th amendment rights as a passenger/pedestrian to be protected against search and seizure, by entering my pockets and removing my medicine and cited me for possession of marijuana, which I've been medically prescribed since March of 2022. He then proceeded to grab me in uncomfortable places. I told the officer in a graphic way that he was grab me inappropriately. He proceeded to do it again, saying you could have a weapon. I replied I don't carry weapons, I have on some thin shorts, and (by it being dark) if I can see your gun you would be able to see mine if I had one. I replied that it was sexual harassment/assault the way he grab and squeeze my private parts. I was then placed in the back of his cruiser. I told officer that I'm 6'1 and I couldn't got back there in a 2*2 area where he had a storage bin taking up the space to where I couldn't adjust my legs for comfort. I was cited for possession of marijuana and told to sign the citation not admission of guilt. I replied once again if it's was an admission of guilt then I don't need to sign it. Refusal to sign I was finger printed and released with a copy of citation.

**Officers Negligence And Violations**

**Officer Picard illegal traffic stop**

1. Officer Anderson unlawful arrest, illegal search and seizure, and violating the time limit allowed to detain passenger on a traffic stop. Defendant stated that he was a passenger and he knew his rights a few times and it still wasn't registering to officer Anderson who was adamant about arresting defendant, resulting in violation of defendant/passenger rights (unlawful arrest). violated his Fourth Amendment right to be free from warrantless searches absent reasonable suspicion that he was armed and dangerous, or his consent. Claiming that each alleged infraction by officer Anderson could have been allayed by properly investigating the onus. Instead, officer Anderson arbitrarily and unconstitutionally violated defendant civil rights pursuant to 42 U.S.C. § 1983. Depriving defendant of his 4th and 14th amendment rights.
2. Officer Anderson forgetting defendant possession on top of his unit and driving off resulting in damage of defendant property. Whereas defendant upon being released from jail, had to return to the scene of the traffic stop River Rd. And Surrey St. to recover his Cell phone (Broken) and debit card.
3. Officer Anderson forgetting his handcuffs on defendant and going out to patrol, defendant is sure that violates LPD Policies.
4. Officer Picard, officer Anderson, Sargent, and one other officer, whom is unknown at this point fabrication of arrest report. Illegal traffic stop was at River Rd and Surrey St, at least a half of mile from where he stated on report, 500 Fisher Rd.
5. Sgt. Failure to properly supervise officer Anderson, Picard, and one other officer, and Sgt. awareness of the defendant noncriminal conviction, attempted to use a faulty warrant in Kansas, but realized defendant has no active warrants misdemeanor/felony , proceeded on with fabricating criminal trespassing at 500 fisher Rd, because defendant refusing to give id card, which cannot, on it's own justify an arrest as confirmed by ruling from the Fifth Circuit.

Lack of concentration, confusion, and short term memory lost all signs of recent drug use, which officer Anderson has been tested positive for marijuana use, terminated and rehired. "Rewarding bad behavior, produces more bad behavior!"

Whereas as Christopher Bourda pray that prosecutor accept complaint on all officers whom knowingly and willfully deprived defendant of his 4th amendment rights, and involved in the violation of defendant rights be warrantied, arrested, arraigned, and prosecuted/tried for their crimes

**LAWS**

- Art. 211. Summons by officer instead of arrest and booking
A.(1)(c) There is no necessity to book the person to comply with routine identification procedures.

- **Pedestrian/passenger:** according to La. CCRP 215.1, Officer can demand your name, address, and explanation of your actions if they have reasonable suspicion. While you may not need to produce a physical card, you must provide identifying information, as Louisiana is a stop and identifying state. Supreme Court case Brendlin v. California, 551 U.S. __, 127 S. Ct. 2400 (2007). The Fourth Amendment protect the passengers in a car from unreasonable search and seizure during a traffic stop and give the passengers the right to challenge the stop?
- **Malfeasance in Office: If an officer intentionally deprives you of your rights, they can be charged with a crime themselves, which carries up to 10 years in prison under La. R.S. 14:134.**
- an unlawful arrest means a police officer took you into custody or held you without proper legal authority or valid reason. Under Louisiana Criminal Code Article 213, an officer can only arrest you without a warrant if they see you commit a crime or have "probable cause" (a good reason) to believe you committed a felony.
- **Lack of Probable Cause:** an officer must have probable cause to believe the passenger committed a specific crime. An arrest based on a "hunch" or merely being in the car with someone suspected of a crime is generally unlawful.
- **Refusing ID Alone Is Not Grounds:** a passenger's refusal to provide identification cannot, on it's own, justify an arrest, as confirmed by ruling from the Fifth Circuit.
- **Pat Down Rights:** officer may pat down a passenger for safety, but they cannot enter pockets unless they feel something resembling a weapon.
- **False imprisonment:** La Law (R.S. 14:46) defines this as the intentional confinement of someone without their consent and without legal authority .
LA RS 14:46.1 False imprisonment while armed with a dangerous weapon is the unlawful intentional confinement or detention of another while the offender is armed
- **Tampering By Police Officer:** under La. R.S. 14:134.2, it is considered malfeasance in office for a peace officer to tamper with evidence, carrying up to 3 years in prison and a $10,000 fine
- **Tampering With Electronic Systems:** under La R.S. 14:110.3 tampering With surveillance, accounting, or monitoring systems carries up to a 1-year prison sentence

- **Obstruction Of Justice:** La RS 14:130.1 it is defined as the intentional alteration, movement, removal, or destruction of any object or substance with the specific intent to distort the results of a criminal investigation or proceedings

**Conclusion**

Wherefore defendant pray that Department of justice (civil rights division), Internal Affairs , and prosecutor accept complaint on all officers whom knowingly and willfully deprived defendant of his 4th amendment rights, and involved in the violation of defendant rights, be warrantied, arrested, arraigned, and prosecuted/tried for their crimes.

Christopher J. Bourda
christopherjbourda@gmail.com
501 1/2 9th St.
Franklin, La
70538
3372406983